# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              **Plaintiff,**<br><br>vs.<br><br>TREVOR D. BELLO,<br><br>              **Defendant.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No.  2:08CR263DAK** |

This matter is before the court on Defendant Trevor D. Bello's Motion to Dismiss the Indictment. The court held a hearing on the motion on October 30, 2008. At the hearing, Defendant was present and represented by Sam Meziani, and the government was represented by Adam S. Elggren. Now being fully advised, the court enters the following Memorandum Decision and Order.

## BACKGROUND

Count 1 of the Indictment charges Defendant with a violation of 18 U.S.C. § 1035(a)(2). Specifically, Count I alleges that, on or about November 20, 2007, Defendant obtained "medical care and services valued at not less than $6682.63, from Intermountain Medical Center in Murray, Utah by using the identity of another individual. . . ." 18 U.S.C. § 1035 provides:

> (a) Whoever, in any matter involving a health care benefit program, knowingly and willfully – (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; or (2) makes any materially false, fictitious, or fraudulent statements or

1

representations, or makes or uses any materially false writing or
document knowing the same to contain any materially false,
fictitious, or fraudulent statement or entry, in connection with the
delivery of or payment for health care benefits, items, or services,
shall be fined under this title or imprisoned not more than 5 years,
or both.
       (b) As used in this section, the term "health care benefit
program" has the meaning given such term in section 24(b) of this
title.

Health care benefit program is defined in 18 U.S.C. § 24(b) as "any public or private plan

or contract, affecting commerce, under which any medical benefit, item or service is provided to

any individual, and includes any individual or entity who is providing a medical benefit, item, or

service for which payment may be made under the plan or contract."

Count 2 of the Indictment alleges Aggravated Identity Theft under 18 U.S.C. § 1028A.

An element of aggravated identity theft is a conviction for an enumerated offense, such as 18

U.S.C. § 1035, the basis for Count 1 of the Indictment. Defendant's motion to dismiss focuses on

the violation of Section 1035 alleged in Count 1.  Because a violation of Section 1035 is the

underlying offense for Count 2, if the court dismisses Count 1 it must also dismiss Count 2.

The discovery in this case shows that Defendant was arrested on November 21, 2007, at

Intermountain Medical Center ("IMC") in Murray, Utah.  Investigator Mike Spiker with the Utah

Department of Corrections received a tip that Defendant, who was a parole fugitive, was at the

hospital.  Spiker found Defendant at the hospital and took him into custody.  Defendant's

hospital room was searched and, inside a jacket in the closet, officers found identifying

information of the victim, R.M.W.  The documents included a birth certificate, Medicaid bus

pass, and Medicaid information card, as well as various prescriptions in the victim's name.

Defendant had checked into the hospital under the victim's name in order to obtain emergency

health care services for an injured foot.  The discovery at this point, however, is unclear on

Defendant's specific conduct with respect to conveying or using the victim's identity to IMC.

### DISCUSSION

Defendant argues that the charges against him should be dismissed because the

government cannot prove a violation of 18 U.S.C. § 1035.  Specifically, Defendant contends that

IMC does not satisfy the definition of a health care benefit program under 18 U.S.C. § 24(b)

because that section defines a health care benefit program as a public or private plan . . . under

which any medical benefit, item, or service is provided."

The government argues that there are factual disputes relevant to that determination

which preclude dismissing the charges as a matter of law.  Defendant admits that he used another

person's name in connection with obtaining medical services from IMC, but he does not admit to

using the other person's private or public insurance benefit card.  The government, however,

argues that while Defendant focuses on whether IMC is a health care benefit program, the facts in

this case demonstrate that it is Medicaid that is the relevant health care benefit program.  IMC

was providing services under Medicaid.  The government relies on discovery information

showing that when Defendant checked in at IMC, he used  the victim's name and was in

possession of the victim's birth certificate and Medicaid Identification Card, among other

documents.  IMS's admission record for Defendant, included in discovery, shows that the

victim's Medicaid account is listed as the secondary insurer for the patient, with the victim's

correct Medicaid account number listed.

The parties dispute whether Defendant submitted the victim's account number to IMC or

the information was automatically generated because the victim's information was already in the

hospital's records system.  Defendant claims that the government did not allege in the Indictment that Defendant affirmatively submitted R.W.'s Medicaid account number to IMC.  The Indictment states only that Defendant obtained medical services from IMC "by using the identity of another individual." The government, however, is not required to provide all of the facts supporting the use of another individual's identity in the Indictment.

Moreover, the court cannot resolve factual disputes on a motion to dismiss.  In response to the motion to dismiss, the government must only demonstrate that it has potential evidence demonstrating that it can meet the elements of the statute at trial.  If the government can meet that standard, the parties will need to put on their competing evidence as to Defendant's specific conduct and have the jury decide which version of the facts to believe.  A motion to dismiss is not the proper place for resolution of such a factual dispute.

Under either factual scenario, the government contends that Defendant used the victim's Medicaid account information "in connection with the delivery of health care services."  In contrast, under either factual scenario, Defendant argues that the government cannot state a violation of 18 U.S.C. § 1035 because his conduct did not involve a health care benefit program. Under 18 U.S.C. § 1035, "in any matter involving a health care benefit program, " it is unlawful to knowingly and willfully (1) falsify, conceal, or cover up by any trick, scheme, or device a material fact or (2) make any materially false, fictitious, or fraudulent statements or representations in connection with the delivery of health care benefits or services.

In determining whether a  health care benefit program is involved, the court must look to the language of the statute and the facts alleged in this case.  For purposes of 18 U.S.C. § 1035, the term "health care benefit program" is defined in 18 U.S.C. § 24(b) as "any public or private

4

plan or contract, affecting commerce, under which any medical benefit, item or service is

provided to any individual, and includes any individual or entity who is providing a medical

benefit, item, or service for which payment may be made under the plan or contract."

The definition of health care benefit program clearly includes Medicaid as a "public or

private plan or contract, affecting commerce, under which any medical benefit, item, or service is

provided to any individual."  In addition, IMC would be considered an entity "who is providing a

medical benefit, item, or service for which payment may be made under the plan or contract."

Defendant, however, asserts that the language "services for which payment may be made" in the

definition of health care benefit program does not apply in this case because IMC did not or

could not seek payment for the services under Medicaid given that Defendant was arrested at the

hospital before IMC could submit a claim to Medicaid for the services.

However, the court agrees with the government that the relevant language in the

definition is "may be made."  The services IMC rendered were services for which payment may

be made under the plan or contract with Medicaid.  The use of the word "may" demonstrates that

Congress intended the language to have a broad scope and application.  Whether or not IMC

ultimately submitted a claim to Medicaid for the services it provided to Defendant is irrelevant

under this language.  The inquiry is only whether it is the type of service for which it may receive

payment.  Moreover, it would defeat the purpose of the statute if Defendant's fraudulent behavior

or the officer's quick response in apprehending Defendant could preclude application of the

statute.

Therefore, the court concludes that the government has asserted sufficient facts regarding

Defendant's conduct at IMC for the court to find that this case involves a health care benefit

program.  Under either factual scenario, Defendant either affirmatively presented the victim's

Medicaid information to IMC or potentially allowed IMC to automatically generate the Medicaid

information for the victim on Defendant's admittance form.  Under the automatic generation

scenario, the government could present evidence that Defendant knew that such automatic

generation would occur.  Such evidence would put Defendant's conduct under the scope of

Section 1035.

Defendant further relies on the only Tenth Circuit case addressing 18 U.S.C. § 1035 to

assert that the scope of Section 1035 is too narrow to apply to the facts of this case.  *United

States v. Vanmeter*, 278 F.3d 1156 (10th Cir. 2002).  In *Vanmeter*, an employee prepared and

submitted a backdated letter to allow a company to fraudulently collect payment for medical

services from the government.  *Id.* at 1160.  In finding the employee violated Section 1035(a)(2),

the Tenth Circuit described Section 1035(a)(2) as "outlawing willful concealment of material

facts and materially false statements about reimbursement for health care services."  *Id.* at 1166.

Other federal courts have also found liability where the offense conduct involved payment from a

private or public insurance or benefit program.  Defendant claims that *Vanmeter* and these other

federal cases require a closer connection between the fraud and the interstate funding than is

present in the instant case.

Defendant, however, improperly tries to limit the language of the Section 1035 based on

findings in specific cases.  The *Vanmeter* court used language that was applicable to the specific

facts of that case.  The court was not rewriting the statute or narrowing its application in all

cases.  The broad language of the statute applies to far more types of fraudulent conduct than

merely fraud in the reimbursement process for health care services.

6

Under the statutory language, a violation of Section 1035 can be established if Defendant knowingly and willfully (1) falsified, concealed, or covered up by any trick, scheme, or device a material fact or (2) made any materially false, fictitious, or fraudulent statements or representations in connection with the delivery of health care services.  Therefore, the statutory language applies as equally to fraudulent statements or concealment in connection with the delivery of health care services as it does with the reimbursement for health care services.

Moreover, this case involves a close connection between the fraud and the interstate funding.  The government alleges that Defendant claimed to be a Medicaid beneficiary and obtained medical services under that plan.  The interstate funding would be used to pay for the wrongly acquired services.  Therefore, the court finds no distinction between the connection in *Vanmeter* and the connection in this case.

If the government can prove the alleged facts at trial that Defendant used or caused to be used the victim's Medicaid account number to obtain medical care, Defendant's conduct would fall squarely under the conduct proscribed by 18 U.S.C. § 1035.  The court finds that the statute applies to the government's alleged facts in this case and that there is no ambiguity in the required elements of the statute.  Accordingly, the court concludes that there is no basis for dismissing the Indictment.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Dismiss the Indictment is DENIED.

DATED this 20th day of November, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge